UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMIE RAYNES, ET AL | CIVIL ACTION |
| VERSUS | No. 10-1730 C/W 08-5018 (REF:10-1730) |
| MCMORAN EXPLORATION CO., ET AL | SECTION I |

## ORDER AND REASONS

Plaintiffs' motion to remand[1] is currently before this Court. The motion must be denied for two reasons. First, plaintiffs failed to challenge defendant's procedurally improper removal during 28 U.S.C. § 1447(c)'s thirty-day remand window. Second, the principles underlying the well-pleaded complaint rule foreclose this Court from carving out an exception to § 1447(c) in this case. Accordingly, plaintiffs' motion to remand is **DENIED**.

### *BACKGROUND*

Jamie Raynes was injured when part of a fixed platform on which he was working allegedly collapsed.[2] McMoran Exploration Company ("McMoran") owned and operated the fixed platform at the time of the alleged collapse.[3] Subsequent to allegedly repairing the platform deck, Newfield Exploration Company ("Newfield") sold the fixed platform to McMoran.[4] McMoran and Newfield are both Delaware corporations[5] but, for jurisdictional purposes, McMoran is a Louisiana citizen.

---

[1] No. 08-5018, R. Doc. No. 87.
[2] No. 10-1730, R. Doc. No. 1-1, pgs. 1-2.
[3] Id.
[4] Id.
[5] No. 10-1730, R. Doc. No. 1.

1

On November 26, 2008, Jamie Raynes and his children ("the Raynes") sued McMoran along with two other defendants in this Court seeking redress for his injury.[6] In that pending lawsuit, the Raynes' alleged that the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, conferred federal jurisdiction because plaintiffs believed the injury occurred on the outer continental shelf.[7]

On May 4, 2010, the Raynes filed the present lawsuit against McMoran and Newfield Exploration in Louisiana state court. Plaintiffs' state-court petition does not indicate whether the platform is located in federal or state waters. Further, plaintiffs' petition makes no mention of OCSLA or any other basis of federal question jurisdiction. Plaintiffs' claims sound in general tort law.

Defendants filed a notice of removal on June 11, 2010, asserting two bases of federal jurisdiction.[8] First, defendants maintained that this Court has subject matter jurisdiction because complete diversity exists.[9] Second, defendants asserted that the court has federal question jurisdiction because plaintiffs "admitted" that the platform was located on the outer continental shelf in their previous lawsuit filed in this Court.[10]

After consolidating the two cases, this Court held a status conference with counsel for all parties on July 15, 2010. During that meeting, Newfield's counsel first advised this Court that the fixed platform in question was located in state waters.[11] Shortly after that status conference, plaintiffs filed the motion to remand currently under consideration — thirty-nine days following notice of removal.

---

[6] No. 08-5018, R. Doc. No. 1.
[7] Id.
[8] No. 20-1730, R. Doc. No. 1.
[9] Id.
[10] Id.
[11] No. 08-5018, R. Doc. No. 87-1.

2

*LAW AND ANALYSIS*

First, Raynes waived his right to remand by failing to challenge Newfield's procedurally improper removal within thirty days of the removal notice. Section § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." "By not moving to remand within 30 days of the notice of removal, the party waives its right to object to any removal defects except for lack of original subject matter jurisdiction." Vicknair v. All Serv. Mach. Shop, Inc., No. Civ.A. 98-1035, 1998 WL 290207 at *2 (E.D. La. June 02, 1998) (Vance, J.) (citing In re Digicon Marine, Inc., 966 F.2d 158, 160 (5th Cir.1992); In re Shell Oil Co., 932 F.2d 1518, 1522-23 (5th Cir.1991)). "If the motion to remand is based on a defect in the removal procedure, such as the lack of authority to remove, and it is not made in a timely fashion, the district court has no discretion to remand on that basis." Vicknair, 1998 WL 290207 at *2 (citing In re Shell Oil Co., 932 F.2d 1523, 1529 (5th Cir.1991)).

Even though complete diversity may exist, 28 U.S.C. § 1441(b) prohibits removal of a lawsuit to federal court when one of the defendants "is a citizen of the State in which such action is brought." Nevertheless, such "forum defendant rule" is a procedural, rather than a jurisdictional requirement. In re: 1994 Exxon Chem. Fire, 458 F.3d 378, 396 (5th Cir. 2009). In this case, the Raynes argue that the Court must remand this case solely because McMoran is a forum defendant. The Raynes' motion to remand is untimely. Accordingly, this Court is foreclosed from granting plaintiffs' motion.

Second, even if this Court had discretion regarding § 1447(c)'s thirty-day window, the Court would decline to exercise that discretion under the facts in this case. A determination as to whether a cause of action presents a federal question and is subject to removal depends upon the

3

allegations made on the face of the plaintiff's well-pleaded complaint. Carpenter v. Wichita Falls Indep. School Dist., 44 F.3d 362, 366 (5th Cir.1995). The defendant's answer has no place in the analysis. This is black-letter, hornbook law. ERWIN CHEMERINSKY, FEDERAL JURISDICTION 284 (5th Ed. 2007) ("A federal law issue raised in the defendant's answer or counterclaim is not a basis for removal of a case from state to federal court if there is not a federal question presented in the plaintiff's complaint.")

Disregarding this well-established principle, plaintiffs simply chose to accept defendants' assertion of federal question jurisdiction.[12] As plaintiffs state, "Immediately upon receipt of the Notice of Removal, counsel for plaintiffs considered filing a Motion to Remand because they knew it was improper for a forum defendant to remove a case. However, plaintiffs' counsel decided they could not file a Motion to Remand because Newfield was also asserting the existence of federal question jurisdiction."[13]

Regardless, the time for plaintiffs to test their jurisdictional concerns was during § 1447(c)'s thirty-day window. Plaintiffs knew that if they intended to move this Court to remand this case, time was of the essence. Accordingly, the Raynes' purported reliance on defendants' assertion of federal question jurisdiction does not give this Court a reason to craft an exception to § 1447(c).

---

[12] According to plaintiffs' memorandum in support of their motion, plaintiffs initially advised their counsel that this accident occurred on the outer continental shelf. The Court also notes that plaintiffs have failed to convincingly overcome Newfield's argument that any confusion as to the location of this platform is, at least in part, a result of plaintiffs supplying incorrect information.
[13] R. Doc. No. 98, pg. 2.

Finally, plaintiffs move this Court to impose sanctions on defense counsel.[14] Finding no compelling evidence that defense counsel conducted themselves improperly, this Court will not impose sanctions.

Accordingly, the Raynes' motion to remand is **DENIED**.

New Orleans, Louisiana, August 5, 2010.

          **LANCE M. AFRICK**
   **UNITED STATES DISTRICT JUDGE**

---

[14] No. 08-5018, R. Doc. No. 98.