UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE RAYNES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1730** |
| **MCMORAN EXPLORATION COMPANY, ET AL** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment[1] filed by defendant, McMoran Exploration Company ("McMoran"). Plaintiff, Jamie Raynes ("Raynes"), opposes such motion. For the following reasons, McMoran's motion is DENIED.

*BACKGROUND*

Raynes alleges that on September 24, 2008 he was injured when part of the oil rig where he was working collapsed. McMoran owned and operated the rig at the time Raynes' alleged injury occurred. McMoran purchased the rig from Newfield Exploration Company ("Newfield"). Although the parties litigated this dispute for more than a year and a half under the assumption that the oil rig was located on the outer continental shelf, counsel for McMoran advised the parties and the Court during a July 2010 status conference that there was a possibility that the rig was located in state waters at the time of Raynes' alleged injury. To date, neither party has notified the Court of the precise rig location.

Grasso Production Management ("Grasso") employed Raynes. Shortly after his alleged injury occurred, Raynes began receiving worker's compensation benefits under the federal Longshoreman and Harbor Workers' Compensation Act ("LHWCA"). Signal Mutual Indemnity

---
[1] R. Doc. No. 89.

1

Association ("Signal"), Grasso's insurer, voluntarily paid Raynes' such benefits. Signal continues to pay such benefits.

In November 2008, Raynes sued McMoran and two other defendants in federal court. In April 2009, another section of this Court dismissed Raynes' claims against McMoran without prejudice for Raynes' failure to prosecute such claims. In March 2010, Raynes moved to amend his complaint to bring McMoran back into the federal action and to add Newfield. The United States Magistrate Judge denied such motion.

In May 2010, Raynes filed a second lawsuit in Louisiana state court with respect to his alleged injury. In his second suit, Raynes named McMoran and Newfield as defendants. Raynes alleged that his "accident was caused by the negligence and/or strict liability of McMoran [sic] which as owner of the platform is responsible for damages occasioned by a defect in the platform."[2] In turn, Raynes alleged that "[t]he negligence of Newfield in failing to perform adequate repairs and instead creating a trap before selling the platform to McMoran was also a cause of the accident for which Newfield is liable to plaintiff."[3]

In June 2010, Newfield removed the state court lawsuit to this Court where it was consolidated with the federal action that Raynes filed in November 2008. Arguing that the one-year prescriptive period for delictual actions has run, McMoran moves for summary judgment with respect to all of Raynes' claims.

---

[2] 10-1730, R. Doc. No. 1-1.
[3] Id.

2

*LAW AND ANALYSIS*

**I.     Summary Judgment**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party must carry this burden as to each essential element on which it bears the burden of proof.  Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994).  The showing of a genuine issue of fact is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that

3

establish a genuine issue.  Id.  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II. Raynes' Claims Against McMoran Are Not Prescribed

McMoran argues that Raynes' claims against it are prescribed.  In turn, Raynes argues that Signal's voluntary payments of LHWCA benefits interrupted prescription as to all solidary obligors, including McMoran.  The parties appear to agree that Louisiana law applies to this case regardless of whether Raynes' alleged injury occurred offshore or in state territorial waters.

Louisiana Civil Code article 3492 states that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492.  "Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed." Terrebonne Parish School Bd. v. Mobil Oil Corp., 310 F.3d 870, 877 (5th Cir.2002). "However, once it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription . . . ." Id. (citing In re Moses, 788 So.2d 1173, 1177-78 (La.2001)).

Despite the fact that more than a year elapsed in between Raynes' alleged injury and the commencement of his state court action against McMoran and Newfield, Raynes asserts that Signal's voluntary payment of LHWCA benefits to him interrupted prescription as to all solidary obligors.  "Under Louisiana law, a worker's compensation insurer and a third-party tortfeasor are solidary obligors to an injured employee." Cormier v. Clemco Serv. Corp., 48 F.3d 179, 181 (citing Williams v. Sewerage & Water Bd. of New Orleans, 611 So. 2d 1383 (La. 1993)).  "[A] worker's compensation insurer is solidarily liable with a third-party tortfeasor not because they

4

both caused the same damage, but because they are both obligated to repair the same damage." Cormier, 48 F.3d at 182.

"When prescription is interrupted for one solidary obligor, it is interrupted for all solidary obligors." Cormier, 48 F.3d 181 (citing La. Civ. Code arts. 1799 and 3503). Accordingly, an insurer's voluntary payment of LHWCA benefits interrupts prescription against third-party tortfeasors. See id. at 182-83 (citing Billizon v. Conoco, Inc., 864 F. Supp. 571 (E.D. La. 1994)).

Shortly after Raynes' alleged injury occurred on McMoran's oil platform, Signal began making voluntary LHWCA payments to Raynes to redress such injury. In his state court petition, Raynes alleges that McMoran is liable to him for such injury. Accordingly, Signal and McMoran are solidary obligors because Raynes has alleged that McMoran is obligated to repair the same damage that Signal has volunteered to repair. See id.

McMoran's arguments to the contrary are unavailing. First, McMoran argues that because the claims Raynes' initially filed against McMoran in federal court were dismissed for Raynes' failure to prosecute such claims, prescription was never effectively interrupted against McMoran. Accordingly, McMoran maintains that Raynes' claims against it are prescribed.

In support of such argument, McMoran cites Carmouche v. Petit, No. Civ.A. 00-1137, 2001 WL 562017 (E.D. La. May 22, 2001) in which I, as a United States Magistrate Judge, held that because "[p]laintiffs' state court lawsuit filed against governmental defendants was dismissed without prejudice in state court for failure to timely request service of process . . . the filing of the state court lawsuit did not interrupt or suspend the running of prescription as to the governmental defendants." Id. at *4. However, the prescription issue in Carmouche turned on the application of La. Rev. Stat. 13:5107(D)(3), which provided in pertinent part that, "[w]hen

5

the state . . . is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state . . .; however, the effect of interruption of prescription as to other persons shall continue." Id. at *4. Accordingly, Carmouche is distinguishable from the case currently under consideration because no state entity is a defendant in either of the consolidated lawsuits.

Second, McMoran argues that if Raynes alleged injury occurred in Louisiana state waters, Raynes would only be entitled to LWCA benefits as opposed to federal LHWCA benefits. Accordingly, McMoran contends that Signal's voluntary payment of LHWCA benefits to Raynes would not have interrupted prescription if Signal's payments had actually been Louisiana Workers Compensation Act ("LWCA") benefits.[4]

The United States District Court for the Western District of Louisiana recently rejected such argument. For example, in Williams v. W&T Offshore, Inc., Civil Action No. 10-309, 2010 WL 3723908 (W.D. La. Sept. 7, 2010), an employer began paying an injured worker LHWCA benefits based on the employer's understanding that the platform where the worker was injured was located on the outer continental shelf. After the worker filed a lawsuit in federal court with respect to his injury, the litigants discovered that the platform where the worker was injured was actually located in Louisiana territorial waters. Once this discovery was made, the rig owner, who had been sued more than a year after the worker's accident, argued that the worker's claims against it were prescribed. The rig owner argued that since the worker should technically only have received LWCA benefits, the court should have concluded that the

---

[4] Although the Fifth Circuit has determined that voluntary payments of LHWCA benefits to injured workers interrupts prescription as to all solidary obligors, the Louisiana Supreme Court has explicitly concluded that voluntary payments of LWCA benefits does not interrupt prescription as to solidary obligors. Gary v. Camden Fire. Ins. Co., 676 So. 2d 553, 557 (La. 1996).

voluntary payment of LWCA by one solidary obligor does not interrupt prescription as to other solidary obligors.  The court rejected such argument, stating:

> As the Gary Court properly recognized, the distinguishing factor in cases involving voluntary payments under LWCA versus LHWCA is the applicability of La.Rev.Stat. 23:1204. In the present case, [the employer] did not voluntarily make LWCA payments; therefore, La.Rev.Stat. 23:1204 is inapplicable. When an employer does not make voluntary LWCA payments, it and/or its solidary obligors should not be allowed to apply La.Rev.Stat. 23:1204 to avoid interrupting prescription. [The employer] did not make LWCA payments; rather, it made LHWCA payments. In doing so, [the employer] acknowledged its obligation to [the worker], and since [the employer] and [the rig owner] are solidary obligors, interruption of prescription as to [the employer] is effective as to [the rig owner].

Id. at *2.

Third, McMoran argues that Raynes' failure to allege that the defendants in both cases are solidarily liable with one another means that prescription was not interrupted against such defendants.  Although McMoran cites authority that establishes that a plaintiff may invoke the principles of solidary liability by alleging that such liability exists, McMoran does not direct the Court to any authority that suggests that a plaintiff must allege solidary liability in order to invoke such principles.  As stated, the Fifth Circuit has determined that "[u]nder Louisiana law, a worker's compensation insurer and a third-party tortfeasor are solidary obligors to an injured employee." Cormier, 48 F.3d at 181.

Accordingly, Signal's LHWCA payments to Raynes interrupted prescription against McMoran and IT IS ORDERED that McMoran's motion for summary judgment is DENIED.

New Orleans, Louisiana, October 26th, 2010.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE