**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


JAMIE RAYNES, ET AL.                                    CIVIL ACTION


VERSUS                                         No. 10-1730 C/W 08-5018
                                                        (REF: 10-1730)


MCMORAN EXPLORATION CO., ET                              SECTION I
AL.


## ORDER AND REASONS

Before the Court is the motion of defendant, Newfield Exploration Company

("Newfield"), for summary judgment with respect to all of plaintiffs' claims against it.  Plaintiffs

have filed a response.  For the following reasons, Newfield's summary judgment motion is

**GRANTED**.

### BACKGROUND

Plaintiff, Jamie Raynes ("Raynes"), was injured when part of a fixed platform on which

he was working allegedly collapsed.[1] McMoran Exploration Company ("McMoran") owned and

operated the fixed platform at the time of the alleged accident.[2]  It is undisputed that Newfield

sold the fixed platform to McMoran before Raynes' alleged accident occurred.[3]

Asserting a violation of La. Civ. Code art. 2315,[4] plaintiffs allege that Newfield

performed inadequate repair work to the deck of the platform prior to its sale to McMoran.

---

[1] R. Doc. No. 87.
[2] R. Doc. No. 1-1, pgs. 1-2.
[3] Id.
[4] Although Newfield's brief also contains arguments with respect to why plaintiffs' claims with respect to La. Civ.
Code art. 2317.1 should be dismissed, the Court notes that it has already dismissed such claims with prejudice.  R.
Doc. No. 148.

1

Plaintiffs further allege that Newfield "knew or should have known of the dangerous and defective condition it created before selling the platform shortly before plaintiff's accident."[5]

In its motion for summary judgment, Newfield first argues that plaintiffs have produced no evidence that Newfield made the alleged repair to the platform at issue in this matter. Second, Newfield argues that McMoran assumed any duty Newfield may have owed to the plaintiff with respect to the alleged defect in the platform and the manner in which it was repaired when McMoran purchased the property from Newfield.[6]

The thrust of plaintiffs brief is that Newfield may have concealed the alleged defect in the platform from McMoran before McMoran purchased it. Nevertheless, plaintiffs present no evidence of any such concealment on Newfield's part. Although plaintiffs' response to Newfield's motion states that the Court should withhold ruling on Newfield's motion until plaintiffs have had an opportunity to conduct further discovery with respect to this issue, the Court notes that plaintiffs recently withdrew such request.[7]

### *LAW AND ANALYSIS*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of

---

[5] R. Doc. No. 54-3.
[6] Id.
[7] R. Doc. No. 167. During a June 1, 2011 telephone call with chambers, plaintiffs' counsel represented to the Court that they withdraw their objection to the Court considering defense exhibit "A" in resolving this motion.

evidence supporting the other party's case. *Celotex,* 477 U.S. at 323; *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir.1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie,* 526 U.S. 541, 552 (1999).

As a matter of law,[8] Newfield is entitled to summary judgment. In Louisiana, a former owner's duties with respect to repairing and maintaining property are assumed by a buyer upon the owner's purchase of the property. *See Kreher v. Bertucci,* 814 So. 2d 614 (La. Ct. App. 2002).  A former owner of a property is liable for defective conditions in the property only "if the former owner knew of the defective conditions prior to the transfer of the property and concealed those problems." *Bayer v. Omni Hotels Management Corp.*, 995 So. 2d 639, 642 (La. Ct. App.  2008).  Neither party disputes the fact that McMoran acquired ownership of the

---

[8] The parties agree that Louisiana law applies to this case.

platform prior to Jamie Raynes' injury or that McMoran was "the owner and operator of the structure in question" at the time of such injury.[9]

Further, the plaintiff points to no evidence that Newfield knowingly concealed the defect from McMoran when it sold the platform.[10] Indeed, McMoran purchased the platform "as is" and it expressly waived its rights against Newfield for any hidden or latent defects.[11]  Although *McMoran* may be liable for Raynes' alleged injuries resulting from the alleged platform defects, *Newfield* owed no duty to Raynes as a matter of Louisiana law.

### <u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** that Newfield's summary judgment motion is **GRANTED** and that plaintiffs' claims against Newfield are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June ___1st___, 2011.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9] No. 08-5018, R. Doc. 1; No. 08-5018, R. Doc. 54-3.
[10] No. 08-5018, R. Doc. 54-3.
[11] No. 08-5018, R. Doc. 149-2, pg. 20.

4