UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE RAYNES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1730 C/W 08-5018**<br>**(REF: 08-5018)** |
| **MCMORAN EXPLORATION CO., ET AL** | **SECTION I** |

## ORDER AND REASONS

Before the Court is the motion of cross-plaintiff, Petro Construction Management ("Petro"), for summary judgment on its cross-claim seeking indemnity and defense from cross-defendant, Grasso Production Management Company ("Grasso"). [1] Grasso has filed an opposition, which it also styles as a cross-motion for summary judgment, asking this Court to determine that Grasso is not required to indemnify and defend Petro. For the following reasons, Petro's motion is **GRANTED** and Grasso's motion is **DENIED**.

### *BACKGROUND*

Jamie Raynes, a Grasso employee, was allegedly injured in September 2008 on an off-shore platform currently owned by McMoran Exploration Company ("McMoran") and formerly owned by Newfield Exploration Company ("Newfield"). Raynes has sued Petro which allegedly repaired a defect in the off-shore platform which led to Raynes' alleged injury. Raynes has also sued Grasso which operated the off-shore platform at the time that Raynes' alleged injury occurred.

---

[1] No. 08-5018, R. Doc. No. 159.

1

Petro subsequently filed a cross-claim against Grasso seeking indemnity and defense. Petro argues in its summary judgment motion that a 2004 Grasso-McMoran master services agreement ("MSA") requires Grasso to indemnify and defend contractors such as Petro that are sued by Grasso employees.[2]

In turn, Grasso argues that Grasso is not obligated to indemnify and defend Petro because a 1990 contract between Grasso and Newfield does not list contractors as parties whom Grasso must indemnify.[3] According to Grasso, the 1990 Grasso-Newfield contract was effected between *McMoran* and Grasso through a 2007 assignment letter[4] which allegedly rescinded the conflicting 2004 Grasso-McMoran MSA.[5] The assignment letter was from *Newfield* to Grasso and it notified Grasso that "the terms, conditions, and obligations" of certain agreements between Newfield and Grasso had been assigned to McMoran.[6] As such, Grasso maintains that the Court should give no effect to the conflicting provisions in the 2004 Grasso-McMoran MSA.[7] Additionally, in its cross-motion for summary judgment, Grasso asserts that the Court should conclude that the 1990 Grasso-Newfield agreement governs this dispute and that it does not require Grasso to indemnify and defend Petro.

---

[2] R. Doc. No. 159. Petro further argues that the indemnity and defense provision is enforceable because the Louisiana Oilfield Anti-Indemnity Act (LOAIA) does not apply to this matter. Grasso offers no argument whatsoever that the indemnity provision is unenforceable under the LOAIA. Accordingly, the Court assumes that the LOAIA does not apply.
[3] R. Doc. No. 164-1.
[4] The assignment letter was sent by Newfield to Grasso. In the letter, Newfield notified Grasso that Newfield was selling a number of its off-shore platforms to McMoran.
[5] Id. Petro asserts that the 2007 Assignment Letter from Newfield to Grasso has no effect on the contractual relationship between McMoran and Grasso in 2004. However, Petro argues that in the event that the 2007 letter does have some bearing on this dispute, its assignment of the 1990 contractual obligations is not inconsistent with the terms of the 2004 MSA. (R. Doc. No. 169, pgs. 5-6).
[6] R. Doc. No. 166-3.
[7] R. Doc. No. 164-1.

## LAW AND ANALYSIS

### *Summary Judgment*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex,* 477 U.S. at 323; *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir.1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp .,* 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp .,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be

drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie,* 526 U.S. 541, 552 (1999).

### *Contract Interpretation*

"Under Louisiana law,[8] the interpretation of an unambiguous contract is an issue of law for the court." *Amoco Prod. Co. v. Texas Meridian Resources Exploration Inc.,* 180 F.3d 664, 668 (5th Cir.1999) (citing *Texas Eastern Transmission Corp. v. Amerada Hess Corp.,* 145 F.3d 737, 741 (5th Cir.1998)). "The interpretation of a contract is the determination of the common intent of the parties." La. Civ.Code. art.2045. "The words of a contract are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Guidry v. American Public Life Ins. Co.,* 512 F.3d 177, 181 (5th Cir.2007).

"When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ.Code art.2046. "A contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Amoco Prod.,* 180 F.3d at 668-69 (quoting *Tx. Eastern Transmission Corp. v. Amerada Hess Corp.,* 145 F.3d 737, 741 (5th Cir.1998)) (internal quotation marks omitted). "In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Id.* at 669.

### *Discussion*

The Court determines that the 2004 Grasso-McMoran MSA requires Grasso to indemnify and defend Petro. The 2007 assignment letter from Newfield to Grasso indicates that the terms

---

[8] The parties agree that Louisiana law applies to this dispute.

of the 1990 Grasso-Newfield contract applied as between Grasso and *McMoran* only until "[McMoran] puts their [sic] own agreements into place with Grasso."[9] McMoran put its own agreement into place with Grasso in 2004.[10] The 2004 agreement applied to all work performed by Grasso for McMoran.[11] Such contract plainly states that it remains in effect until it is terminated in writing by either Grasso or McMoran. Grasso has produced no evidence that either McMoran or Grasso terminated such agreement in writing.[12]

Even assuming, without deciding, that Grasso is correct and that the 1990 Grasso-Newfield contract is in some way applicable in this case, the Court rejects Grasso's argument that the indemnity provisions in the 1990 Grasso-Newfield contract conflict with the 2004 Grasso-McMoran MSA. The 2004 Grasso-McMoran MSA, which governs all work Grasso performs for McMoran, states that Grasso is required to indemnify contractors sued by Grasso employees.[13] The 1990 Grasso-Newfield contract lists various parties that Grasso is required to

---

[9] R. Doc. No. 166-3. Petro also argues that the 1990 agreement is not in effect because it was not renewed by any of the parties in November 2007. (, R. Doc. No. 169). However, the terms of the 1990 contract provide for automatic renewal each year for twenty-four years. Accordingly, the contract had not been terminated by a lack of affirmative renewal. (R. Doc. No. 166-2).

[10] R. Doc. No. 159-2.

[11] Id.

[12] *See* R. Doc. No. 159-2. Grasso has produced the affidavit of Patrick Fogarty ("Fogarty"), a former Grasso employee, who asserts that he was a part of the discussions that led to both the 2004 Grasso-McMoran contract and the sale of various Newfield assets to McMoran in 2007. According to Fogarty's affidavit, in 2007 Grasso intended the 1990 Grasso-Newfield contract to govern its relationship with McMoran. Fogarty's affidavit notwithstanding, the 2004 Grasso-McMoran contract plainly states that "[t]he terms and provisions of this Agreement shall continue in full force and effect until the same is terminated in the manner provided for herein." R. Doc. No. 159-2. The contract then states that it "may be terminated by either party hereto by giving the other party thirty (30) days written notice of an intention to terminate . . . ." Id. Such contract provides no other means of termination. Grasso has produced no evidence that either Grasso or McMoran terminated the contract in writing.

[13] R. Doc. No. 159-2. The 2004 Grasso-McMoran MSA states that:

> [Grasso] shall protect, indemnify, defend and save harmless: (i) [McMoran], (ii) any parent subsidiary or other affiliate of [McMoran], (iii) any and all co-ventureres and co-owners of oil, gas, or mineral properties, (iv) any and all of the respective employees,

indemnify and defend pursuant to such contract, but it is silent with respect to Grasso's duty to indemnify and defend contractors that are sued by Grasso employees.[14]  However, the Court notes that nothing contained in 1990 Grasso-Newfield contract states that Grasso cannot be required to indemnify and defend such contractors pursuant to other contractual arrangements. As such, these two contracts are not in "direct conflict" as Grasso maintains.[15]

## *CONCLUSION*

**IT IS ORDERED** that Petro's motion for summary judgment is **GRANTED** and that Grasso is required to indemnify and defend Petro.

**IT IS FURTHER ORDERED** that Grasso's cross-motion for summary judgment is **DENIED**.

New Orleans, Louisiana, June __14th__, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

> agents, contractors, subcontractors, consultants, shareholders, members, directors, officers, or assigns of each of the persons or entities described in (i) through (iii), . . . from and against all claims, demands or causes of action of every kind and character for bodily injury or death of, or for property damages or loss sustained by, [Grasso] or [Grasso's] employees . . . arising directly or indirectly out of the Work under this Agreement . . . .  R. Doc. No. 159-2, pgs. 4-5.

[14] The 1990 Grasso-Newfield contract states that:

> [Grasso] agrees to defend, indemnify and hold [Newfield], its joint owners, its subsidiary and affiliate companies, their agents, employees, directors, officers, servants, and insurers, harmless from and against any and all losses, claims, demands, liabilities or causes of action of every kind and character, in favor of any person or party, for injury to or illness or death of any employee of [Grasso] or any employee of subcontractors of [Grasso] . . . .  R. Doc. No. 166-2, pgs. 1-2.

[15] Grasso asserts that the, "1990 Grasso/Newfield MSA effected between Grasso and McMoran on July 18, 2007 contains indemnity terms in direct conflict with the indemnity terms found in the 2004 Grasso/McMoran MSA effected between Grasso and McMoran on February 1, 2004." R. Doc. No. 164-1, pg. 7.