## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMIE RAYNES, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                              **No. 08-5018 C/W 10-1730**
                                                             **(REF: 10-1730)**

**MCMORAN EXPLORATION**                                              **SECTION "I"**
**COMPANY, ET AL.**

### ORDER AND REASONS

Before the Court is plaintiff Jamie Raynes's ("Raynes") motion[1] to stay all pending

motions and orders in case no. 10-1730[2] of the above-captioned consolidated matter and remand

the case to state court.  Defendants, Production Services Network U.S., Inc. ("PSN"), McMoran

Exploration Company ("McMoran"), and Petro Construction Management, LLC, oppose the

motion.[3]

The parties in case no. 10-1730 are Raynes and McMoran.  The parties do not dispute

that Raynes is a Mississippi citizen and that McMoran is a Louisiana citizen.  Consequently,

complete diversity exists.

28 U.S.C. § 1441(b) prohibits removal of a lawsuit to federal court when one of the

defendants "is a citizen of the State in which such action is brought."  This "forum defendant

---

[1] No. 08-5018, R. Doc. No. 235.

[2] Raynes's motion is not clear whether it pertains to the entire consolidated matter or solely to case no. 10-1730. The motion does not have a caption indicating to which matter the motion applies and the memorandum in support of the motion states that the Court "must remand the matter pending against McMoRan back to Civil District Court for the Parish of Orleans."  No. 08-5018, R. Doc. No. 235-1, p. 1.  PSN filed an opposition due to its belief that Raynes's motion referred to the entire consolidated case.  No. 08-5018, R. Doc. No. 236, pp. 1-2.  In his reply to PSN's opposition, Raynes emphatically states that his "motion *sub judice* pertains only to the action against McMoRan, Civil Action No. 10-0173 [sic]."  R. Doc. No. 241, p.1.  Consequently, the Court will construe Raynes's motion as a motion to remand case no. 10-1730.

[3] No. 08-5018, R. Doc. Nos. 236, 243, and 244.

rule" is a procedural, rather than a jurisdictional, requirement.  *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 396 (5th Cir. 2009).  28 U.S.C. § 1447(c) states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the notice of removal . . . ."  "By not moving to remand within 30 days of the notice of removal, the party waives its right to object to any removal defects except for lack of original subject matter jurisdiction."  *Vicknair v. All. Serv. Mach. Shop*, *Inc.*, Civil Action No. 98-1035, 1998 WL 290207, at *2 (E.D. La. June 2, 1998) (Vance, J.) (citing *In re Digicon Marine, Inc.*, 966 F.3d 158, 160 (5th Cir. 1992); *In re Shell Oil Co.*, 932 F.2d 1518, 1522-23 (5th Cir. 1991)).

More than one year has passed since case no. 10-1730 was removed to federal court.[4] This Court has previously found that Raynes failed to move to remand this case based on the forum defendant rule prior to the expiration of the thirty day window for such a motion.[5]  The Court once again reiterates that because Raynes failed to file his motion to remand within thirty days of removal, any argument based on the forum defendant rule is waived.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, August ___3rd___, 2011.


LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[4] No. 10-1730, R. Doc. No. 1.

[5] No. 08-5018, R. Doc. No. 99.

2