UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMIE RAYNES, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                            **No. 08-5018 C/W 10-1730**
                                                                      **(REF: ALL CASES)**

**MCMORAN EXPLORATION**                                               **SECTION "I"**
**COMPANY, ET AL.**

### ORDER

Before the Court is McMoRan Exploration Company's ("McMoRan") motion[1] for summary judgment. Plaintiff, Jamie Raynes ("Raynes"), opposes[2] the motion.

McMoRan argues that, pursuant to the Master Services Agreement ("MSA")[3] between it and Raynes's employer, Grasso Production Management, Inc. ("Grasso"), McMoRan is Raynes's statutory employer pursuant to Louisiana law.[4] Consequently, McMoRan asserts that, as a statutory employer, it is entitled to the tort immunity provided in La. Rev. Stat. § 23:1032 and, as such, it would only be liable to Raynes for worker's compensation benefits.[5]

In *Brown v. Avondale Industries*, 617 So.2d 482 (La. 1993) (per curiam), the Louisiana Supreme Court held that if a worker "received" or "elected" benefits under the U.S. Longshoreman and Harbor Workers' Compensation Act ("LHWCA"), a statutory employer may not avail itself of the tort immunity provided by the statutory employer defense. Since the date of his accident, Raynes has received LHWCA benefits from Grasso.[6]

---

[1] R. Doc. No. 188.
[2] R. Doc. Nos. 200, 228, 254.
[3] McMoRan and Grasso entered into the original MSA on February 19, 2004, and modified the MSA via a May 1, 2006 amendment. R. Doc. No. 188-5, pp. 1-13.
[4] R. Doc. No. 188-1, p. 4.
[5] R. Doc. No. 188-1, p. 5.
[6] R. Doc. Nos. 200, p. 7 and No. 14, p. 2.

Subsequently, in *Kerr v. Smith Petroleum Co.*, 896 F. Supp. 605 (E.D. La. 1995), the court distinguished *Brown*. The *Kerr* court reasoned that the plaintiff in *Brown* was entitled to elect LHWCA benefits as a worker on a vessel. *Id.* at 606-07 (citing *Brown v. Avondale Industries*, 612 So.2d 315, 316 (La. App. 5th Cir. 1993)). Conversely, the *Kerr* court concluded that the plaintiff did not meet the status and situs tests necessary to be eligible for LHWCA benefits[7] and that "apparent error" in payment of LHWCA benefits to the plaintiff did not "preclude[] [the defendants] from claiming the statutory employer defense under *Brown*." *Id.* at 607. *See also English v. Apache Corporation*, 2011 WL 3352011, at * 5 (E.D. La. Aug. 3, 2011) ("Arguably, [plaintiff's employer] may have chosen to pay benefits to Plaintiff by mistake, i.e., just because LHWCA benefits were paid does not mean that Plaintiff is actually covered [by the LHWCA]."). Following *Kerr*, the inquiry is whether Raynes is eligible to receive LHWCA benefits. If Raynes is eligible to receive LHWCA benefits, then *Brown* applies and McMoRan may not claim tort immunity as a purported statutory employer.

Having reviewed the memoranda, the summary judgment evidence, and the applicable law, the Court finds that there is a genuine issue of material fact with respect to whether Raynes satisfied the situs and status tests and whether Raynes was in fact eligible to receive LHWCA benefits. Consequently, the Court cannot conclude as a matter of law that McMoRan is entitled to tort immunity as Raynes's purported statutory employer.

Accordingly,

---

[7] The plaintiff in *Kerr* did not satisfy the status and situs tests because he was not performing any "maritime activity" and because he was not working on the Outer Continental Shelf. *Kerr*, 896 F. Supp. at 606.

**IT IS ORDERED** that McMoRan's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to McMoRan's right to reurge its motion at trial or in a post-trial motion after the record in the above-captioned matter has been fully developed.

New Orleans, Louisiana, September __12th__, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE