UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMIE RAYNES, ET AL.                                         CIVIL ACTION

VERSUS                                                       No. 08-5018 C/W 10-1730
                                                             (REF: 10-1730)

MCMORAN EXPLORATION                                          SECTION "I"
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is a motion[1] pursuant to Rule 59(a) of the Federal Rules of Civil Procedure for a new trial on general damages or, in the alternative, for remittitur, filed by defendant McMoRan Exploration Company ("McMoRan").  Plaintiff, Jamie Raynes ("Raynes"), opposes[2] the motion.  For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

Raynes was working on a McMoRan-owned fixed oil production platform located in Louisiana waters when he was injured on September 24, 2008.  As a result of his injuries, Raynes underwent two serious surgeries to repair a ruptured disc at L4-L5.  The Court has reviewed the pages of the trial transcript that Raynes cites in his recitation of germane trial testimony.  *See* R. Doc. No. 336, pp. 1-4 and 7-8.  McMoRan has not challenged Raynes' factual summary.  Because the Court finds that Raynes has accurately summarized such testimony, the Court **ADOPTS** the "relevant facts" section and pages 7-8 of Raynes' opposition memorandum.[3]

---

[1] R. Doc. Nos. 335 and 339.
[2] R. Doc. Nos. 336 and 343.
[3] R. Doc. No. 336.

The above-captioned matter proceeded to trial on McMoRan's liability and potential damages on January 30, 2012, through February 1, 2012.  The jury found that McMoRan's negligence, pursuant to La. Civ. Code art. 2322, was the legal cause of 100% of Raynes' damages.[4]  The jury awarded damages to Raynes for:

| | |
|---|---:|
| Past and future physical pain and suffering and mental anguish | $750,000.00 |
| Past and future loss of enjoyment of life | $1,250,000.00 |
| Loss of Past and Future Earnings | $2,132,000.00 |
| Past Medical Expenses | $313,241.00 |
| Future Medical Expenses | $168,320.00 |

Accordingly, Raynes' total general damages award amounted to $2,000,000.[5]

McMoRan argues that Raynes' general damages award "is excessive and should be substantially reduced."[6]  Consequently, McMoRan urges this Court to grant a new trial on damages or, in the alternative, remittitur, because Raynes' general damages award "clearly exceeds the maximum recoverable amount that any reasonable jury could have awarded him."[7] Raynes counters that the jury's award provides appropriate redress for the pain and suffering and loss of enjoyment of life that he has endured thus far and that he will continue to endure for the remainder of his life.[8]

---

[4] R. Doc. No. 323-2, pp. 1 and 4.
[5] R. Doc. No. 323-2, p. 5.
[6] R. Doc. No. 335-1, p. 1.
[7] R. Doc. No. 335-1, p. 8.
[8] R. Doc. No. 336, pp. 7-8.

## *LAW AND ANALYSIS*

Pursuant to Rule 59(a), a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Such reasons include "the verdict is against the weight of the evidence, *the damages awarded are excessive*, the trial was unfair, or prejudicial error was committed in [the trial's] course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (footnotes omitted and emphasis added). A trial court may, within its discretion, "overturn[] verdicts for excessiveness and order[] a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) (citing *Dimick v. Schiedt*, 293 U.S. 474, 486-87, 55 S.Ct. 296, 79 L.Ed. 603 (1935)). "A remittitur is 'an order awarding a new trial, or a damages amount lower than that awarded by the jury, and requiring the plaintiff to chose between those alternatives.' " *Foradori v. Harris*, 523 F.3d 477, 503 (5th Cir. 2008) (footnote omitted). Consequently, a court must first determine that a new trial is warranted before it may order remittitur. *Id.*

A jury has "broad leeway" to quantify a plaintiff's general damages; nevertheless, "[t]he sky is simply not the limit." *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1427 (5th Cir. 1988) (quoting *Osburn v. Anchor Labs., Inc.*, 825 F.2d 908, 920 (5th Cir. 1987)). At the same time, "[i]t is well settled that a jury's damages award should not be disturbed unless it is 'entirely disproportionate to the injury sustained.' " *Id.* at 1426 (quoting *Caldarera v. E. Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983)). The trial court's decision to grant or deny a motion for new

trial or remittitur may be set aside "only upon a clear showing of abuse." *Foradori*, 523 F.3d at 513 (citing *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir. 1985)).

The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has endorsed two competing methods for evaluating the propriety of a jury award: (1) the maximum recovery rule, and (2) the clearly excessive rule. As another section of this court has explained:

> Under the "maximum recovery rule," a court reviewing a jury verdict should remit damage awards that are found to be excessive to the maximum amount the jury could have awarded. *Salinas v. O'Neill*, 286 F.3d 827, 830 (5th Cir. 2002). The maximum amount is determined by comparing the award under scrutiny to awards in other similar cases. A multiplier of 50% is then applied to arrive at the maximum recovery amount, and the jury award is remitted to that amount if necessary. *Id.*; *see also*, *Thomas v. Texas Dep't of Crim. Justice*, 297 F.3d 361, 369 n.8 (5th Cir. 2002). Under the "clearly excessive" rule, a "damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice." *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995). Applying this rule, courts have traditionally frowned upon comparing an award to awards in factually similar cases as a method for determining if an award is excessive. *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1356 (5th Cir. 1988) ("we do not determine excessiveness of damage awards by comparing verdicts in similar cases, but rather we review each case on its own facts."); *see also*, *Thomas*, 297 F.3d at 374 n.5 (Dennis, J., concurring) (citing Fifth Circuit cases for this proposition). Rather, this inquiry emphasizes the uniqueness of each case, which must be determined upon its own facts, while recognizing that comparisons may serve as a point of reference. 297 F.3d at 374.

*Campbell v. England*, 2005 WL 1400465, at *2 (E.D. La. June 3, 2005) (Barbier, J.) (footnote omitted), *rev'd on other grounds*, 234 Fed. App'x 183 (5th Cir. 2007).

McMoRan has provided the Court with several Louisiana cases[9] which, according to McMoRan, indicate that the jury's award of general damages in this matter violates both the

---

[9] *See Melancon v. Lafayette Ins. Co.*, 926 So.2d 693 (La. App. 3 Cir. 2006); *Gresham v. Prod. Mgmt., Inc.*, 868 So.2d 171 (La. App. 4 Cir. 2004); *Hall v. Folger Coffee Co.*, 857 So.2d 1234 (La. App. 4 Cir. 2003); *Chapman v. Reg'l Transit Auth./TMSEL*, 681 So.2d 1301 (La. App. 4 Cir. 1996).

maximum recovery rule and the clearly excessive rule.[10] The Court has carefully reviewed the cited precedent.  Furthermore, the Court notes that it had the opportunity to observe Raynes during the three days of trial, that it heard all of the testimony, that it found credible Raynes' complaints of chronic pain and loss of enjoyment of life, and that it reviewed all of the admitted evidence.

First, the Court finds that the facts of this case do not implicate the maximum recovery rule when compared with the cases that McMoRan has supplied to the Court.  *See Volger v. Blackmore*, 352 F.3d 150, 158 (5th Cir. 2003) (stating that when "there is no factually similar case in the relevant jurisdiction . . . the maximum recovery rule is not implicated"); *see also*, *Lebron v. United States*, 279 F.3d 321, 326 (5th Cir. 2002) ("Because the facts of each case are different, prior damage awards are not always controlling; a departure from prior awards is merited 'if unique facts are present that are not reflected within the controlling caselaw.' ") (quoting *Douglass v. Delta Air Lines, Inc*., 897 F.2d 1336, 1339 (5th Cir. 1990)).  Raynes' injuries, and the attendant pain and suffering and loss of enjoyment of life resulting from those injuries, are much more severe than those reflected by the facts of the cases McMoRan has cited.  Besides the constant, often debilitating, pain that Raynes must endure, and which will likely never improve, Raynes' right leg is paralyzed every morning when he first awakens; he lives in constant fear that this temporary paralysis will worsen over time.[11]

---

[10] R. Doc. No. 335-1, pp. 6-8.

[11] R. Doc. No. 331, pp. 137 and 147.  The Court also notes that another section of this court, after a bench trial, recently awarded $1.3 million in general damages for pain and suffering in a case where a Louisiana plaintiff suffered injuries that were less severe than Raynes' injuries.  *See Ledet v. Smith Marine Towing Corp.*, 2011 WL 1303918 (E.D. La. Apr. 4, 2011) (Vance, J.), *aff'd*,  2011 WL 6412062 (5th Cir. Dec. 21, 2011).

Moreover, in *Dufrene v. Gautreau Family, LLC*, 980 So.2d 68 (La. App. 5 Cir. 2008), *writs denied* 980 So.2d 694 (La. 2008) and 980 So.2d 698 (La. 2008), the plaintiff fell when she lost her balance on the bottom stair of a staircase. *Id.* at 73. As a result of the fall, she injured her ankle, hand and sacroiliac joint, and suffered low back pain and leg pain and numbness. *Id.* at 74-79. Physicians treated her pain with medication and injections, but she never underwent surgery. *Id.* Experts opined that she would suffer severe pain for the rest of her life. *Id.* The jury awarded the plaintiff, who was 35 years old at the time of the fall, $800,000 for past and future pain and suffering, $750,000 for past and future mental anguish, and $700,000 for past and future enjoyment of life. *Id.* at 72. In sum, the plaintiff's general damages award totaled $2,250,000. *Id.*

The *Dufrene* trial court denied the defendants' motion for JNOV/remittitur. *Id.* at 72. The defendants appealed, asserting that "the general damages [were] grossly excessive." *Id.* at 81. The Louisiana Fifth Circuit Court of Appeal affirmed the jury's general damages award, stating that: "[c]onsidering the evidence presented in this case, we cannot say that the jury was manifestly erroneous in its award of general damages." *Id.* at 82. The Louisiana Supreme Court denied the defendants' writ petitions.[12]

The *Dufrene* jury awarded $250,000 in general damages in excess of what the jury in this case awarded to Raynes. Raynes was approximately the same age as the plaintiff in *Dufrene* at the time he was injured (37 years old versus 35 years old, respectively). Raynes' injuries are not identical to those in *Dufrene*. However, having reviewed the facts of *Dufrene*, the Court is satisfied that the injuries and ill effects that Raynes has suffered, and will continue to suffer, are

---

[12] *Dufrene* comprised consolidated appeals of two judgments rendered in favor of the plaintiff: one awarding damages to plaintiff in her personal injury suit and the other imposing sanctions against defendants for failure to comply with discovery. *Dufrene*, 908 So.2d at 72.

sufficiently analogous, if not more severe,[13] allowing the Court to conclude that Raynes' general damages award does not violate the maximum recovery rule. *See Lebron*, 279 F.3d at 326 (stating that the maximum recovery rule " 'does not become operative unless the award exceeds 133% of the highest previous recovery in the [relevant jurisdiction]' for a factually similar case") (quoting *Douglass*, 897 F.2d at 1344 n.14)).

Second, the Court finds that the general damage award is not clearly excessive. A damage award may be overturned under the clearly excessive rule "only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice." *Eiland*, 59 F.3d at 183. The Fifth Circuit has stated that the "extent of distortion that warrants intervention [requires] such awards to be so large as to shock the judicial conscience, so gross or inordinately large as to be contrary to right reason, so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive, or as clearly exceed[ing] that amount that any reasonable man could feel the claimant is entitled to." *Foradori*, 523 F.3d at 504 (internal quotation marks and citations omitted). Having considered the facts of this case, the jury's determination of damages for past and future pain and suffering and loss of enjoyment of life does not shock the judicial conscience, it is not so inordinately large as to be contrary to reason, it is not so exaggerated as to indicate that the jury was biased or prejudiced, and it does not clearly exceed an amount to which a reasonable person would feel that Raynes is entitled. *See Dufrene*, 980 So.2d at 82.

As previously stated, the Court emphasizes that it became intimately familiar with the facts of this case over a three-year period – from the time the original complaint was filed on

---

[13] Unlike the *Dufrene* plaintiff, Raynes underwent two serious surgeries to treat his injuries. *See* R. Doc. No. 336, pp. 1-2.

November 26, 2008, until the jury rendered its verdict on February 1, 2012. The Court heard and considered the testimony and evidence that was presented to the jury. The Court carefully observed Raynes during the trial's pendency. The Court found Raynes to be a credible witness. A cold record will never sufficiently convey the magnitude of the severe, life-altering injuries that have completely disrupted Raynes' life and that will continue to haunt him for his remaining years.

It is the Court's opinion that Raynes will likely not have much peace in his lifetime. The Court cannot conclude that the jury's verdict is " 'entirely disproportionate to the injury sustained.' " *Simeon*, 852 F.2d at 1426 (quoting *Caldarera*, 705 F.2d at 784). A new trial on damages is not warranted and, concomitantly, remittitur is improper. *See Foradori*, 523 F.3d at 503.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 27, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**